THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE C. EDGECOMB,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br><br>                    Defendant. | CASE NO. C13-0704-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff Steven Edgecomb's objections (Dkt. No. 28) to the Report and Recommendation (Dkt. No. 27) of the Honorable Brian A. Tsuchida, which recommends affirming the Social Security Commissioner's denial of benefits. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation in full.

I.      **BACKGROUND**

Plaintiff's applications for disability insurance benefits were denied at the initial level and on reconsideration. Following a hearing on February 22, 2012, the administrative law judge ("ALJ") found Plaintiff not disabled and denied benefits. (Dkt. No. 9-2 at 13–29.) The Appeals Council thereafter denied Plaintiff's request for review. (*Id.* at 1–6.) Plaintiff timely sought review of the Commissioner's decision in this Court. In a Report and Recommendation ("R&R"), Magistrate Judge Brian A. Tsuchida recommends affirming the decision of the ALJ.

(Dkt. No. 27.) Plaintiff timely submitted objections to Judge Tsuchida's R&R.

## II.     DISCUSSION

The Court must make a *de novo* determination of those portions of a magistrate judge's report or recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). Plaintiff, in his objections, primarily reiterates the arguments made to Judge Tsuchida. Specifically, Plaintiff argues that contrary to Judge Tsuchida's conclusions, the ALJ: (1) improperly evaluated the medical evidence in multiple ways; (2) failed to properly evaluate Plaintiff's own testimony; (3) failed to properly evaluate the lay witness testimony of Mr. Jay Berglund; (4) improperly determined Plaintiff's Residual Functional Capacity ("RFC"); (5) erred by basing his Step Four and alternate Step Five findings on an erroneous RFC finding; and (6) erred in declining to remand in light of new evidence provided to the Appeal's Council. (Dkt. No. 28 at 2–13.)

A court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Fife v. Heckler,* 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n.10 (9th Cir.1975); *Carr v. Sullivan,* 772 F.Supp. 522, 524–25 (E.D. Wash.1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984). The Court considers each objection in turn.

### A.     Medical Evidence

Plaintiff firsts objects to Judge Tsuchida's conclusion that the ALJ did not err in considering the medical evidence. As Judge Tsuchida explained, a treating or examining physician's opinion that is contradicted may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d

821, 830–31 (9th Cir. 1995) (quotation omitted). The ALJ may discount non-acceptable medical sources for "germane" reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Mr. Edgecomb's 2011 Cervical Spine MRI

Mr. Edgecomb argued before Judge Tsuchida that that November 2011 cervical spine MRI results (*see* Dkt. No. 9-11 at 43) are the "most significant objective medical evidence of record," and that the ALJ erred in failing to discuss this report. (Dkt. No. 27 at 3.) Judge Tsuchida disagreed, explaining that the results and Nurse Armstrong's report (to which they were attached) "contain no opinion regarding any functional limitations caused by the degenerative disc disease and facet joint arthropathy documented by the MRI test." (*Id.*) He also recognized that the 2011 MRI report was consistent with the ALJ's step-two analysis, which found Plaintiff's degenerative disc disease of the cervical spine to be a severe impairment based on earlier MRI results that were materially the same. (*Id.*) Plaintiff now objects to this conclusion, arguing that an "ALJ is not permitted to simply disregard without explanation any medical evidence that does not include an opinion regarding functional limitations." (*Id.*)

The Court is not persuaded. An ALJ's opinion should be as "comprehensive and analytical as feasible," *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir. 1990), though it need not discuss all the evidence presented, *Vincent v. Heckler,* 739 F.2d 1393, 1394–95 (9th Cir.1984). The ALJ must instead explain why significant probative evidence has been rejected. *Id.* at 1395. Here, notwithstanding Plaintiff's unsupported assertions, the ALJ was not required to discuss this cumulative MRI report in determining Plaintiff's RFC because it highlights only the fact of Mr. Edgecomb's degenerative disc disease rather than the effect and any limitations that result from his impairments that were not previously established. *See*, *e.g.*, *Sutton v. Astrue*, C11-4048, 2013 WL 1192949, at *22 (N.D. Cal. March 22, 2013). The fact of Mr. Edgecomb's impairment was already established, as the ALJ found in his step-two determination that Plaintiff's degenerative disc disease was severe. Further, to the extent that that MRI is "objective evidence that shows that he has impairments that can reasonably be expected to cause the

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

symptoms and limitations he described in his testimony," the 2011 MRI report was materially the same as the 2006 and 2007 MRI reports that the ALJ explicitly discussed. Finally, the ALJ discussed Nurse Armstrong's report, which had the 2011 MRI report attached. In light of these facts, the ALJ did not improperly reject without discussion the 2011 MRI report and was not required to explicitly discuss the same. Finally, even if he was so required, his failure to do so is harmless given the fact that it contains the materially similar results as the 2006 and 2007 MRI reports.

### 2. Terry Mertens, ORT/L and Lisa Tang, P.T.

The ALJ gave the opinions of examining therapists Terry Mertens and Lisa Tang only "some weight" due to the internal unreliability of the test findings. As the ALJ and Judge Tsuchida both noted, the therapists explained that Mr. Edgecomb gave only a moderate to low level of effort on the testing and, as a result, concluded that "the full extent of his ability is not known and the documented test results are representative of what the client did perform, but cannot be confirmed to be the client's maximum capacities." (Dkt. No. 27 at 4.) Judge Tsuchida concluded that internal indication of unreliability is a germane reason to discount a medical opinion. *See Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. 2008) (finding that where a claimant fails to give full effort during testing, a physician's opinion rendered from that testing may be discounted).

Plaintiff objects to this conclusion, arguing that in the therapists' assessment of his "*demonstrated tolerances*, they found that he would need to be able to change positions frequently and would need an ergonomic chair for a sedentary position." (*Id.*) Mr. Edgecomb asserts that the ALJ was not entitled to reject this part of the therapists' opinion. But again, Plaintiff's argument confuses the issues. In explaining why only "some weight" would be given to the report, the ALJ noted that Mr. Edgecomb's lack of true effort undermined the value of the findings—which expressly include the "demonstrated tolerances." It was reasonable for the ALJ not to rely merely on the "demonstrated tolerances," since he questioned whether such tolerances

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 4

were truly reflective of Mr. Edgecomb's functional ability. Plaintiff's bare assertion that the ALJ's reason is "not a legitimate or even germane reason to reject their opinion about his demonstrated tolerances," without more, is merely a disagreement with the ALJ's reasonable interpretation. Judge Tsuchida correctly affirmed the ALJ's conclusion.

### 3. Dr. Ho

Plaintiff next objects to the ALJ's decision to assign "little weight" to the opinion of Dr. Marie Ho, who opined that Plaintiff "could lift 10 pounds occasionally and less than 10 pounds frequently, could stand/walk at least two hours a day, and could sit for six hours a day." (Dkt. No. 9-2 at 26.) The ALJ found this opinion to be inconsistent with medical records from a treatment visit roughly one month following Dr. Ho's consultation, which indicated that Plaintiff "has been doing very well on chronic pain meds" and that he "has been functional, able to walk up to three miles a day with his dogs." (*Id.*) Upon review, Judge Tsuchida found that the ALJ's conclusion was reasonable and supported by substantial evidence. (Dkt. No. 27 at 5.)

Plaintiff reiterates his previous argument, namely, his belief that the subsequent medical evidence is not meaningfully inconsistent with Dr. Ho's opinion. The Court is unpersuaded. The ALJ's interpretation of the evidence, which may have been susceptible to more than one interpretation, was reasonable. Accordingly, regardless of whether Mr. Edgecomb disputes the extent of the inconsistency, the Court is required to affirm the ALJ's rational interpretation. Plaintiff's objection is overruled.

### 4. Ms. Armstrong

Plaintiff also takes issue with the ALJ's decision to discount the opinion of Nancy Armstrong, ARNP, who opined on a check-box form that Mr. Edgecomb could lift a maximum of two pounds and was unable to stand for six hours. The ALJ "accord[ed] Nurse Armstrong's opinion little weight because it is inconsistent with the overall record, including the findings of Dr. Garrison, [and] Nurse Armstrong does not provide explanations or examination findings to support her opinion." (Dkt. No. 9-2 at 26.) Plaintiff argued in his initial brief that Nurse

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 5

Armstrong's opinion *was* explained and supported by substantial evidence. (Dkt. No. 12 at 6.) Judge Tsuchida disagreed, recognizing that while Nurse Armstrong attached exam findings to her check-box report—including the 2011 cervical MRI report—she did not explain how or why those findings supported her opinion. (Dkt. No. 27 at 5–6.) Because her opinion was unexplained, the ALJ had pointed out a germane reason to reject her testimony. (*Id.*)

Plaintiff now argues that Judge Tsuchida engaged in an improper *post-hoc* rationalization that cannot be used to affirm the ALJ's decision. Plaintiff is wrong. Judge Tsuchida did not come up with a new ground for affirmance that the ALJ had not discussed; instead, Judge Tsuchida pointed out that (a) the ALJ discounted Nurse Armstrong's testimony because she "did not provide explanations" to support her check-box opinions; and (b) the mere attachment of the 2011 MRI report, which Plaintiff relied upon in his opening brief, does not demonstrate that Nurse Armstrong explained her opinions. Thus, as Judge Tsuchida has pointed out, the ALJ's *stated* reason was appropriate. Such a conclusion is not a post-hoc rationale.

### 5. Mike Myers, PA-C

The ALJ also rejected the opinion of Mike Myers, a physicians' assistant who conducted a physical examination of Mr. Edgecomb in June 2009. The ALJ explained that Mr. Myers' opinion was "inconsistent with the overall record and is not supported by any explanations or objective examination findings." (Dkt. No. 9-2 at 26.) Judge Tsuchida found this to be a germane reason for the ALJ's decision to give Mr. Myers' opinion little weight, since Mr. Myers did nothing more than refer to Mr. Edgecomb's decreased range of motion in his back and neck—he "did not identify the degree of those limitations nor did he attach any reports documenting any range-of-motion testing." (Dkt. No. 27 at 6.) Plaintiff now attacks Judge Tsuchida's conclusion as another improper *post-hoc* justification for the ALJ's decision.

Plaintiff's argument again misconstrues what an improper *post-hoc* rationale looks like. Judge Tsuchida's conclusion that the ALJ's expressly stated reason—that Mr. Myers' opinion was unsupported by any explanations or objective exam findings—was a germane reason was

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 6

not the furnishing of a new ground of decision. To suggest otherwise, as Plaintiff argues, is to simply ignore the express discussions in both the ALJ and Judge Tsuchida's R&R. Plaintiff's argument is without merit.

### 6. Mario DePinto, M.D.

Judge Tsuchida also accepted the ALJ's rejection of Dr. Mario DePinto's opinion. Dr. DePinto stated that Mr. Edgecomb "had a service dog and that it helped his medical needs related to his seizure disorder." (Dkt. No. 9-12 at 30.) While Dr. DePinto is one of Mr. Edgecomb's treating physicians, the ALJ explained that this single statement was "not supported by examination findings" and inconsistent with the overall record, including the opinion of Dr. Garrison, who found that Mr. Edgecomb did not require the use of the seizure alert dog . (Dkt. No. 9-2 at 26–27.) Judge Tsuchida found that the ALJ's decision was supported by the record, as Dr. DePinto's treatment notes do not reference the need for a service dog nor do they even reference a seizure disorder. (Dkt. No. 27 at 7.) Additionally, Dr. Garrison stated that Mr. Edgecomb's description of his seizure disorder was not consistent with "any standard seizure disorder" and that a seizure alert dog was accordingly unnecessary. (*Id.*)

Plaintiff does not seriously dispute the record-basis for the ALJ's decision, but argues merely that "neither the ALJ nor Magistrate Judge have a factual basis for questioning Dr. DePinto's opinion on this issue" because "Dr. De Pinto was in a better position to evaluate Edgecomb's need for a service dog." (Dkt. No. 28 at 7–8.) As highlighted above, the ALJ and Judge Tsuchida did have a factual basis for questioning Dr. De Pinto's opinion, and both judges explained that basis. For a third time, the Court recognizes that Dr. DePinto's single statement note was not supported by any examination findings and was expressly contradicted by Dr. Garrison, who explained the basis for his opinion that a seizure dog was unnecessary. Accordingly, the ALJ did not err in rejecting Dr. DePinto's statement regarding Mr. Edgecomb's

need for a seizure dog.[1]

### 7. Jennifer Cheng-Shannon, M.D., Jan Lewis, Ph.D., and Melinda Loose, Ph.D.

In his opening brief, Plaintiff argued that the ALJ "did not state any legitimate reason for rejecting the evidence from Dr. Cheng-Shannon, Dr. Lewis, and Dr. Loose. This court should therefore conclude that the ALJ erred by improperly failing to credit this evidence, and by improperly finding that Edgecomb had no severe mental impairment." (Dkt. No. 12 at 8.) Mr. Edgecomb never pointed to a discrete error in the ALJ's decision, however; the closest he came was calling the ALJ's analysis "somewhat confusing." (*Id.* at 7.) Judge Tsuchida found this generalized assignment of error unacceptable, reasoning that Mr. Edgecomb "provides no specific analysis of the ALJ's decision [] with respect to those providers' opinions in his briefing, [] which amounts to waiver. The Court will not scrutinize the ALJ's two-page discussion of those opinions, where Mr. Edgecomb has failed to identify any distinct error." (Dkt. No. 27 at 7.) Plaintiff objects to this conclusion by quoting his generalized initial argument and asking this Court to "find that the ALJ erred by concluding that Edgecomb had no severe mental impairment and no mental functional limitations." (Dkt. No. 28 at 8.)

The Court rejects Plaintiff's renewed invitation to overrule the ALJ due to his mere disagreement with the outcome. Plaintiff has been given multiple opportunities to assign a specific error to the ALJ's analysis, but continues to vaguely assert that the ALJ was "just wrong." Such arguments hold no sway with this Court. Accordingly, the Court concludes that by failing to raise any specific error on this point, Mr. Edgecomb has waived his entitlement to object. The ALJ's analysis was appropriate.

//

---

[1] The Court also rejects Plaintiff's single-sentence argument that the ALJ's characterization of Dr. DePinto's May 2009 clinical findings was "misleading and inaccurate." (Dkt. No. 28 at 8.) Without an actual analysis, the Court fails to see any error in Judge Tsuchida's R&R, which explained that the ALJ's specific reference to the 3-4/5 strength rating clarifies what he meant by "almost full strength." (Dkt. No. 27 at 7.) The ALJ's decision was not misleading or inaccurate.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 8

### 8. Dr. Garrison

Finally, Mr. Edgecomb renews his argument that the ALJ erred in giving "significant weight" to the March 2011 opinion of Dr. Lisa Garrison, an examining physician. Plaintiff's entire argument was that the ALJ erred because he "failed to acknowledge the cervical spine MRI [of June 2011] which showed severe pathology, as well as [his] failure to acknowledge that Dr. Garrison's opinion is in fact inconsistent with this significant objective medical evidence." (Dkt. No. 12 at 8.) Judge Tsuchida rejected this argument because it "failed to recognize that the ALJ found [Mr. Edgecomb's] generative disc disease of the cervical spine to be a severe impairment" and because he "referenced previous MRI testing showing severe C5 central and bilateral neural foraminal stenosis and moderate C4-5 and C6-7 central neural foraminal stenosis." (Dkt. No. 27 at 8.) Plaintiff now objects, arguing that the later MRI results are in fact inconsistent with the earlier MRI results. (Dkt. No. 28 at 9.)

Plaintiff's argument fails. First, his argument that the 2011 MRI results are inconsistent is misguided; he asserts only that the MRI results contain certain findings that were not in the earlier reports. Plaintiff still fails to explain how the results are inconsistent, though—*i.e.*, how they would have changed Dr. Garrison's opinion if available. Additionally, based on the argument provided in Plaintiff's opening brief, Judge Tsuchida's conclusion was correct. Plaintiff's argument was yet another generalized objection to the ALJ's conclusion which simply incorporated the previous objection regarding the 2011 MRI report. But the Court addressed that objection above, so it provides no basis to question the ALJ's consideration of Dr. Garrison's opinion. Upon review, the Court is not persuaded that the ALJ erred in according Dr. Garrison's March 2011 opinion "significant weight."

### B. Mr. Edgecomb's Testimony

Plaintiff next objects to Judge Tsuchida's conclusion that the ALJ did not err in evaluating Plaintiff's credibility. As an initial matter, the Court finds Plaintiff's failure to specifically explain his objections to Judge Tsuchida's analysis to be fatal to his argument.

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 9

Rather than explaining Judge Tsuchida's purported error with regard to Plaintiff's credibility, counsel simply argues that he "respectfully disagrees with the Magistrate Judge's analysis" because it "rejects every one of [Mr.] Edgecomb's arguments[.]" (Dkt. No. 28 at 10.) This is insufficient to warrant yet another round of analysis on this issue. To the extent Mr. Edgecomb objects to this recommendation "because it was based on the ALJ's factually and legally erroneous evaluation of the medical evidence," it is meritless. As explained above, the ALJ correctly evaluated the medical evidence and Judge Tsuchida correctly reviewed the ALJ's analysis.

Mr. Edgecomb's analysis would still be erroneous under a *de novo* analysis. A claimant alleging disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986)). If the claimant meets that test, the ALJ may reject testimony regarding the severity of the claimant's symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1284. The ALJ may assess the claimant's credibility with reference to his "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ discounted Mr. Edgecomb's testimony for a number of reasons, including "inconsistency with the medical evidence, inconsistency with his self-reported activities, inconsistencies in his statements, evidence of symptom exaggeration, evidence of drug seeking behavior, and his lack of candor regarding employment history." (Dkt. No. 27 at 8.) Judge Tsuchida properly recognized that the first reason alone cannot support an adverse credibility determination, *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), but pointed out the numerous inconsistencies within Plaintiff's self-reported activities and his own statements, the

evidence of his symptom exaggeration and drug-seeking behavior, and his lack of candor regarding his employment history. (Dkt. No. 27 at 8–10.) Plaintiff does not dispute the inconsistencies or evidence discussed. (Dkt. No. 28 at 10.) Accordingly, the Court can find no basis to conclude that Judge Tsuchida erred in affirming the ALJ's conclusion on these bases. The ALJ properly discounted Mr. Edgecomb's credibility.

### C. Lay Witness Evidence

Plaintiff also objects to Judge Tsuchida's conclusion that the ALJ appropriately discounted the lay witness questionnaire of Mr. Jay Berglund. Judge Tsuchida explained that the ALJ provided numerous germane reasons to discount Mr. Berglund's testimony, and Mr. Edgecomb objected only to one. (Dkt. No. 27 at 10.) Now, Plaintiff confusingly asserts that "none of the ALJ's reasons for rejecting Mr. Berglund's observations are germane to Mr. Berglund." (Dkt. No. 28 at 10.) Because Plaintiff has not presented any specific objection to Judge Tsuchida's analysis and instead opts yet again to express his general disagreement with the R&R, the Court sees no reason to overrule Judge Tsuchida's recommendation on this point.

### D. The ALJ's RFC, Step Four, and Alternate Step Five Determinations

Next, Plaintiff objects to the ALJ's RFC, Step Four, and Alternate Step Five determinations on the grounds that each of these analyses depended on the erroneous conclusions discussed above. Because this objection merely incorporates the alleged errors already rejected, the Court sees no reason to take issue with the ALJ's analysis on these points.

### E. New Evidence

Finally, Plaintiff asserts that Judge Tsuchida erred when he declined to remand the case in light of new evidence submitted to the Appeals Council. Under *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012), "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." A district court's refusal to consider the

1 newly submitted evidence that the Council relied upon in denying a claimant's request for review
2 constitutes reversible error. *Id.* Here, Plaintiff argues in his objection that Judge Tsuchida
3 "misconstrues *Brewes*" and that the newly submitted evidence "does indeed appear to show that
4 during the relevant time period Edgecomb was more limited than he was found to be by the
5 ALJ." (Dkt. No. 28 at 12.)

6 Judge Tsuchida did not misconstrue *Brewes* and did not err in his review of the newly
7 submitted evidence. First, as *Brewes* makes clear, Judge Tsuchida and this Court have a duty to
8 consider newly submitted evidence that the Appeals Council relied upon in declining a
9 claimant's request for review. As the R&R makes clear, Judge Tsuchida did review the newly
10 submitted evidence. (Dkt. No. 27 at 11.) He did not misconstrue *Brewes*. Second, Judge
11 Tsuchida concluded that the new evidence does not undermine the substantial evidence
12 supporting the ALJ's decision. (*Id.*) This is exactly what *Brewes* requires of a district court when
13 considering the newly submitted evidence. *Brewes*, 682 F.3d at 1163 (district court must review
14 newly submitted evidence "when reviewing the Commissioner's final decision for substantial
15 evidence"). Because Plaintiff ignores this standard and does not otherwise demonstrate error in
16 Judge Tsuchida's analysis, the Court adopts the R&R on this point as well.

17 **III.   CONCLUSION**

18 For the foregoing reasons, the Court rejects Plaintiff's objections (Dkt. No. 28) and
19 ADOPTS the Report and Recommendation (Dkt. No. 27) in full. The final decision of the
20 Commissioner is AFFIRMED and this case is DISMISSED with prejudice. The Clerk is
21 respectfully directed to send copies of this Order to the parties and to Judge Tsuchida.
22 //
23 //
24 //
25 //
26 //

1  DATED this 18th day of February 2014.

6  [signature: John C. Coughenour]

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 13